United States Court of Appeals,

Fifth Circuit.

No. 96-60263.

Leticia Magdaleno de MORALES;  Eunice Nefta Morales-Magdaleno;  Monic Morales-Magdaleno, Petitioners,

v.

IMMIGRATION and NATURALIZATION SERVICE, Respondent.

June 26, 1997.

Petition for Review of an Order of the Board of Immigration Appeals.

Before DUHÉ, BENAVIDES and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:

This appeal requires us to determine whether the Board of Immigration Appeals ("BIA") abused its discretion by denying the petitioners' motion to reopen deportation proceedings after an Immigration Judge ("IJ") entered an *in absentia* order of deportation.  We hold that the BIA correctly concluded that the petitioners' failure to appear at their deportation hearing was not the result of exceptional circumstances.  Therefore, the BIA's denial of the petitioners' motion to reopen is AFFIRMED and the subject petition for review is DENIED.

I.

On June 23, 1993, the Immigration and Naturalization Service ("INS") instituted deportation proceedings against the petitioners by issuing an order to show cause.[1]  A deportation hearing before

---

[1]The petitioners include Leticia Magdaleno de Morales and her two daughters, Eunice Nefta and Monica, who were ages seven and nineteen respectively at the time the IJ entered the *in absentia*

an IJ was scheduled for January 11, 1994. It is undisputed that the petitioners were notified of the hearing and informed that failure to appear could result in the entry of an *in absentia* order of deportation.

Nonetheless, when the immigration court convened on January 11, 1994, the petitioners were not present. Accordingly, the IJ proceeded *in absentia* and found that the charge of deportability had been proven by clear, unequivocal, and convincing evidence.[2] Therefore, the IJ ordered the petitioners deported to Mexico.

On January 27, 1994, the petitioners filed a motion with the IJ seeking to rescind the *in absentia* order of deportation and reopen the proceedings. The petitioners argued that this relief was warranted because their failure to appear at the January 11 hearing was the result of exceptional circumstances. Specifically, the petitioners contended that the mechanical failure of their car on the way to the hearing constituted an exceptional circumstance beyond their control.

On January 11, the petitioners left their home in Boerne, Texas at approximately 7:00 a.m. to travel sixty miles to their 8:30 a.m. deportation hearing in San Antonio. The engine of the

---

order of deportation. The petitioners are natives of and citizens of Mexico.

[2]Uncontradicted evidence in the record indicated that the petitioners last entered the United States in December 1989 as nonimmigrant visitors who were authorized to remain in the country until January 8, 1990. The petitioners have remained in the United States illegally beyond this period. Thus, the IJ found that the petitioners were deportable under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B), because they remained in the country longer than their visas permitted.

petitioners' car died on the way to the hearing. Because the petitioners were unable to repair the car themselves or pay to have it towed to San Antonio and fixed there, they decided to try to get a ride home so that a relative could repair the car.

At approximately 8:00 a.m., the petitioners obtained a ride from a passing driver who took them to a grocery store in Boerne. From there, the petitioners called a relative who picked them up and drove them home. The petitioners arrived home at approximately 8:50 a.m.

The petitioners attempted to call the immigration court in San Antonio when they arrived home but were unable to locate the phone number in the San Antonio phone book or in their notice of hearing. The petitioners did not attempt any further correspondence with the immigration court until they received notice of the order of deportation entered against them. At that time, the petitioners contacted an attorney who filed the subject motion to reopen the proceedings on their behalf.

The petitioners' motion to reopen was denied by the IJ, whose decision was subsequently affirmed by the BIA. The BIA found that the petitioners did not establish that exceptional circumstances prevented them from attending the hearing. In reaching this conclusion, the BIA explained that it was "not satisfied that the [petitioners] did everything possible to attend the hearing." Moreover, the BIA found it significant that the petitioners made little effort to contact the court to explain their inability to appear. Finally, the BIA noted that other than an affidavit

3

submitted by the petitioners, there was "no independent confirmation that there was a mechanical breakdown on the day of the hearing."

The petitioners timely filed a petition for review of the BIA's decision with this court and this appeal followed.

## II.

This court generally reviews only the decision of the BIA in immigration cases because the BIA conducts a *de novo* review of the administrative record. *Carbajal-Gonzalez v. INS,* 78 F.3d 194, 197 (5th Cir.1996). The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *See Ogbemudia v. INS,* 988 F.2d 595, 600 (5th Cir.1993); *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992); *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996). In conducting our inquiry, we review the factual findings of the BIA for substantial evidence. *Carbajal-Gonzalez,* 78 F.3d at 197. Although we review *de novo* the BIA's determination of purely legal questions, we will respect the interpretation given to an ambiguous statutory provision by the agency to which Congress has delegated responsibility for administering the Act. *Id.; see also INS v. Cardoza-Fonseca,* 480 U.S. 421, 448, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987); *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842-45, 104 S.Ct. 2778, 2781-83, 81 L.Ed.2d 694 (1984). The government concedes that to the extent that this case involves a legal interpretation of the meaning of the statutory term "exceptional circumstances," this court's review is *de novo.*

4

III.

Section 1252(b) of the Immigration and Nationality Act, as codified, provides that a deportation hearing may be held *in absentia* if the alien "has been given a reasonable opportunity to be present" and "without reasonable cause fails or refuses to attend" the proceedings. 8 U.S.C. § 1252(b). When Congress passed the Immigration Act of 1990,[3] it significantly amended the Immigration and Nationality Act. Although Congress left § 1252(b) unchanged, it added § 1252b(c), which provides that "[a]ny alien who ... does not attend a proceeding under ... this title, shall be ordered deported under section 1252(b)(1) of this title in absentia." *Id.* § 1252b(c)(1). The amended Act also provides that an alien who files a motion to reopen may have an *in absentia* order rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances." *Id.* § 1252b(c)(3)(A).[4]

Both courts and commentators have recognized some tension between sections 1252(b) and 1252b(c)(3) of the Act as amended.[5]

_____

[3]Pub.L. No. 101-649, 104 Stat. 4978 (1990).

[4]The amended statute applies if notice of the hearing was provided after June 13, 1992. *Sharma,* 89 F.3d at 547 n. 2 (citing 57 Fed.Reg. 5180 (February 12, 1992)). It is undisputed that the petitioners received notice of their hearing on October 12, 1993.

[5]*See Sharma,* 89 F.3d at 548 ("It is unclear why Congress left the "reasonable cause' language in § 1252 intact"); *Romero-Morales v. INS,* 25 F.3d 125, 128 (2d Cir.1994) ("It is unclear what Congress intended by adding the mandatory language combined with the "exceptional circumstances' standard for reopening under [the amended statute], while leaving intact the permissive language and less stringent "reasonable cause' standard for avoiding in absentia deportation under § 1252(b)"); Iris Gomez, *The Consequences of Nonappearance: Interpreting New Section 242B of the Immigration*

5

This tension is reflected in the petitioners' brief, which utilizes the "reasonable cause" and "exceptional circumstances" standards interchangeably. We believe, however, that some of the confusion the amended statute has engendered is unwarranted.

Section 1252(b) by its terms defines an IJ's authority to enter an *in absentia* order in the first instance. Section 1252b(c)(3), on the other hand, addresses the requisite burden on an alien seeking to rescind an *in absentia* order that has already been entered. Accordingly, a motion to reopen deportation proceedings on the basis that the IJ improperly entered an order of deportation *in absentia* must be supported by evidence that the alien had reasonable cause for her failure to appear.[6] Conversely, a motion to reopen deportation proceedings to rescind a properly entered *in absentia* order of deportation must satisfy the exceptional circumstances standard.

---

*and Nationality Act,* 30 SAN DIEGO L. REV. 75, 150 (1993) ("In the context of a deportation hearing under [the Act], both "reasonable cause' and "exceptional circumstances' excuse nonappearance at a hearing").

[6]Such evidence should be presented to the IJ prior to the entrance of the order so that the IJ is given the opportunity to refrain from proceeding *in absentia.* Typically evidence of this nature would be presented in a formal motion for a continuance or a change of venue. *Cf. Maldonado-Perez v. INS,* 865 F.2d 328, 335-37 (D.C.Cir.1989) ("Petitioner's argument for his absence is intertwined with his argument for a change of venue"); *Patel v. INS,* 803 F.2d 804, 806 (5th Cir.1986) (concluding that the petitioner did not establish reasonable cause for his absence and that the denial of his motion for a continuance was not an abuse of discretion). In an emergency situation such as existed here, however, at least a phone call explaining the circumstances was required to preserve a potential challenge to the IJ's authority to enter an *in absentia* order. We express no view regarding the existence *vel non* of reasonable cause under the facts of this case.

In addition to comporting with common sense and the plain meaning of the statute, this reconciliation of sections 1252(b) and 1252b(c)(3) of the Act has recently been adopted in rules and regulations promulgated by the Executive Office of Immigration Review. *See* Motions and Appeals in Immigration Proceedings, 61 Fed.Reg. 18,900, 18,908 (1996) (to be codified at 8 C.F.R. pt. 246). Because the petitioners cannot and do not challenge the authority of the IJ to enter the *in absentia* order of deportation in the first instance, they must satisfy the exceptional circumstances standard to establish that the BIA abused its discretion by denying their motion to rescind the order and reopen the proceedings.

IV.

The amended Act expressly defines the term "exceptional circumstances" to mean "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2). The plain language of the statute indicates that this is a difficult burden to meet. Moreover, the statutory scheme as a whole contemplates that aliens subject to deportation proceedings will make reasonable efforts to attempt to avoid the entrance of *in absentia* orders, and awards them for doing so by subjecting them to a less onerous standard. Under the circumstances of this case, the BIA correctly concluded that the mechanical failure of the petitioners' car on the way to the hearing did not constitute exceptional circumstances within the

7

meaning of the Act.[7]

First, we are not convinced that the circumstances were sufficient to excuse the petitioners' attendance at the hearing. In this regard, we are puzzled by the petitioners' decision to "backtrack home" rather than proceed to San Antonio after their car broke down. Similarly, the record does not explain why the relative who picked the petitioners up from the grocery store could not have driven them to San Antonio or lent them a car.

Even assuming that the petitioners justified their failure to appear at the hearing, however, they did not make adequate efforts to avoid entrance of the *in absentia* order. First, although the petitioners car broke down approximately one hour before the hearing, they did not call the IJ to explain their predicament. Second, although the petitioners arrived home only twenty minutes after the hearing was scheduled to have begun—when they presumably still had time to explain their situation before being ordered deported—they made no effort to contact the court beyond a cursory search for the phone number. Finally, we find it significant that the petitioners did not attempt any further correspondence with the immigration court until over two weeks after their scheduled hearing, when they received notice of the *in absentia* order of deportation. In a matter of such overriding importance in an

---

[7]*Cf. Sharma,* 89 F.3d at 547 (holding that the petitioners' "traffic difficulties" did not constitute exceptional circumstances); *Thomas v. INS,* 976 F.2d 786, 790 (1st Cir.1992) (holding that "reasonable cause" did not justify reopening deportation proceedings when the alien appeared thirty minutes late for the hearing because the alien and his attorney "crossed signals" about where to meet).

individual's life, we would expect such efforts to be made.

                                V.

In sum, we conclude that the petitioners did not establish that their failure to appear at the deportation hearing was the result of exceptional circumstances.  Thus, the BIA did not abuse its discretion by denying the petitioners' motion to reopen their deportation proceedings.  Accordingly, the BIA's denial of the petitioners' motion to reopen is AFFIRMED and the petition for review is DENIED.