IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60091
Summary Calendar
_____


AMITHA PRADEEP BALASURIYA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.


--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 443 821

--------------------
November 27, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Amitha Pradeep Balasuriya, a native and citizen of Sri Lanka, petitions this court for review of the Board of Immigration Appeals'(BIA) order denying his motion to reopen the removal proceedings for consideration of Article 3 of the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Convention Against Torture). This court may not consider evidence which was not presented initially to the BIA. Rivera-Cruz v. INS, 948 F.2d 962, 967 (5th Cir. 1991). Nor

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

can this court consider the BIA's initial order dismissing Balasuriya's appeal from the immigration judge's order of removal and denial of the requests for asylum and for withholding of removal. Balasuriya did not petition this court for review of that final order.

Balasuriya contends that the BIA utilized the wrong standard of review in considering his motion. To be eligible for withholding of removal under the Convention Against Torture, Balasuriya had the burden "to establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2) (2000). The BIA did not abuse its discretion by denying Balasuriya's request to reopen. His new evidence was insufficient to meet his burden. See De Morales v. INS, 116 F.3d 145, 147-49 (5th Cir. 1997).

Accordingly, Balasuriya's petition for review is DENIED.