IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60586
Summary Calendar

_____

JOSE MANUEL ESCOBAR-ORTIZ,

                                              Petitioner,

versus

JANET RENO, United States Attorney General,

                                              Respondent.

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A42 224 667

_____

May 18, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Escobar-Ortiz seeks to appeal the Board of Immigration Appeals' dismissal of his appeal from the immigration judge's denial of his motion to reopen deportation proceedings. On September 5, 1997, Escobar was ordered deported following an *in absentia* deportation proceeding. Escobar's subsequent motion to reopen his deportation proceedings was denied and the Board of Immigration Appeals (BIA) dismissed his appeal on July 25, 2000.

This court's jurisdiction to review the BIA's decision is based on § 106(a) of the Immigration and Nationality Act (INA),

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1105a(a)(1994), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996).  That section confers exclusive jurisdiction on the courts of appeals to review final orders of deportation.[**]  Because this case was commenced before April 1, 1997, and the order of deportation became final after October 31, 1996, the IIRIRA's transition rules apply.  See IIRIRA § 309.

Under the rules applicable to cases commenced prior to September 30, 1996, the effective date of the IIRIRA, *in absentia* deportation orders could be rescinded only if the alien showed exceptional circumstances for his failure to appear or showed that he did not receive notice of the hearing.  8 U.S.C. § 1252b(c)(3)(repealed Sept. 30, 1996).  Escobar does not contend that he did not receive notice of the hearing.  He contends that exceptional circumstances prevented his appearance.  Escobar has failed to demonstrate "exceptional circumstances."  The BIA did not abuse its discretion in dismissing his appeal of the Immigration Judge's refusal to rescind the *in absentia* deportation order.  See De Morales v. INS, 116 F.3d 145, 147 (5th Cir. 1997)(citing Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996)).  Escobar's petition for review is DENIED.

---

[**] The IIRIRA repealed INA § 106 and replaced it with a new judicial review provision which has been codified at INA § 242, 8 U.S.C. § 1252 (Supp. II 1997).  See IIRIRA §§ 306(a) and (b). These amendments do not apply to Escobar's case because the INS commenced deportation proceedings against him prior to IIRIRA's April 1, 1997, effective date, which means that this case is governed by the IIRIRA's transition rules.  The transition rules apply to final orders entered on or after October 31, 1996, in cases commenced before April 1, 1997.  IIRIRA § 309.