IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 02-60268
Summary Calendar

————————————

AVTAR SINGH,

       Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

       Respondent.

————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77-387-108

————————————

February 24, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Avtar Singh has filed a petition for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen his deportation proceeding, in which an *in abstentia* order of removal was issued.  Singh argues that he did not receive notice of the removal hearing.  He also contends that his illness at the time of the hearing presented exceptional circumstances that justified his

————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to appear. Singh further asserts that the BIA failed to give proper consideration to the fact that he was a victim of fraud by an imposter posing as an attorney and that his failure to appear was the result of ineffective assistance of counsel.

The BIA did not abuse its discretion in denying the motion to reopen because the record reflects that the Immigration and Naturalization Service (INS) properly sent the notice to Singh's counsel of record, Lionel Perez, who forwarded it to the address provided by Singh. The INS therefore satisfied its duty to provide Singh with notice of the hearing.[1] The record additionally demonstrates that Singh moved and failed to provide the INS or his counsel with his new address as required by the law.[2] Thus, Singh had a reasonably opportunity to be present during the removal hearing, and his failure to attend was without reasonable cause.[3]

Singh's argument that his illness presented exceptional circumstances justifying his absence is without merit. "Exceptional circumstances" refers to circumstances "beyond the

---

[1] *See* 8 U.S.C. § 1229(a)(1).

[2] *See* 8 U.S.C. § 1305. Although Singh asserts that he moved to California in October 1998, the record indicates that Singh did not file a change of address form until June 1999, months after the date of the hearing in question, January 13, 1999, and well after notice of the hearing was sent to his counsel of record, Perez, on August 5, 1998.

[3] *See United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995).

2

control of the alien."[4]  If, as Singh contends, he had no knowledge of the hearing date, his illness was irrelevant because he would not have appeared even if in good health.  Assuming that Singh was aware of the date of the hearing, he was required to make a reasonable effort to avoid the entrance of an *in abstentia* order.[5]  When he became ill, Singh could have contacted the INS or his counsel to seek a continuance of the hearing.  Singh has not demonstrated that there were exceptional circumstances justifying rescission of the *in abstentia* order of deportation.[6]

Insofar as Singh asserts that his failure to appear was the result of Jaswinder Singh's ineffective assistance, the BIA correctly determined that the imposter's lack of representation was not relevant because Singh had competent counsel appearing on his behalf during the removal proceedings.[7]

---

[4] *See* 8 U.S.C. § 1229a(e)(1).

[5] *See Magdaleno de Morales v. INS*, 116 F.3d 145, 148-49 (5th Cir. 1997).

[6] *See id.*

[7] As the Immigration Judge reasoned, although "[a] respondent's failure to attend a hearing due to fraudulent representation by a person claiming to be an attorney could be deemed exceptional circumstances," such was not the case here, because Singh "was in fact represented by [Lionel Perez], known in the area for his expertise in immigration law.  If [Singh] failed to stay in contact with him, then it was a self-made detriment."

Singh has not shown that the BIA abused its discretion in denying his motion to reopen the proceedings.  The petition for review is DENIED.