United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

––––––––––––––––––––––

No. 03 - 60195
SUMMARY CALENDAR

––––––––––––––––––––––

ANDREW JAMES,

                Petitioner,

    v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                Respondent.

–––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-553-395

–––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

In this appeal we review the Board of Immigration Appeals' decision denying Andrew James' motion to reopen his removal proceedings. When James failed to attend his removal hearing, the Immigration Judge issued an in absentia removal order. James claims that his absence was due to a viral infection, and that the illness constitutes an exceptional circumstance justifying rescission of the removal order and reopening of his proceedings.

––––––––––––––––––––

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

The Board of Immigration Appeals affirmed the Immigration Judge's decision without an opinion, so we review the Immigration Judge's decision. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We review the denial of a motion to reopen for abuse of discretion. *De Morales v. INS*, 116 F.3d 145, 147 (5th Cir. 1997).

An order of removal will be rescinded only if the alien demonstrates that his failure to appear was due to exceptional circumstances beyond his control. 8 U.S.C. §§ 1229a(b)(5)©) and 1229a(e)(1).

James has failed to establish that he is entitled to rescission of the Immigration Judge's order based upon exceptional circumstances because he delayed almost six weeks in contacting the court regarding his absence due to illness. *See De Morales*, 116 F.3d at 149. The petition for review is denied.