UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 1, 2005
Decided June 20, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3637

| | |
|---|---|
| EUTEMIO MENA-MENDOZA, <br> *Petitioner*, | On Petition for Review of an Order of <br> the Board of Immigration Appeals |
| *v.* | No. A93-047-265 |
| ALBERTO R. GONZALES, <br> Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

Mexican citizen Eutemio Mena-Mendoza applied for cancellation of removal and adjustment of status, claiming that his removal would result in exceptional hardship to his wife and U.S.-citizen children.  He missed his hearing before an Immigration Judge, however, and was ordered removed in absentia.  Mena-Mendoza filed a motion to reopen the proceedings, stating that he had missed the hearing due to car trouble.  The IJ denied Mena-Mendoza's motion and he appealed.  The Board of Immigration Appeals affirmed, and we deny the petition for review.

Mena-Mendoza walked across the Mexican border into the United States without inspection in March 1985.  The INS placed him in removal proceedings in October 2001.  Mena-Mendoza applied for cancellation of removal, claiming that his removal would cause "exceptional and extremely unusual hardship" to his wife and two daughters.  The IJ scheduled a hearing on Mena-Mendoza's application for June 12, 2003, at 9 a.m.  Mena-Mendoza received a written notice to appear,

warning him that if he failed to attend the hearing, it could be held in his absence and he could be ordered removed. He did not appear at the hearing, however, and the IJ ordered that he be removed to Mexico.

A month and a half later, Mena-Mendoza moved to vacate the removal order and reopen his immigration proceedings, citing car trouble for his failure to appear at his hearing. In the motion and attached affidavit, Mena-Mendoza stated that he did not have a driver's license and had accordingly arranged to have his employer drive him to the hearing. Although his employer picked him up at 8:40 a.m., the car they were traveling in broke down and Mena-Mendoza had to hail a cab. According to Mena-Mendoza, finding a cab took about 25 minutes, and he did not arrive at court until 9:50 a.m. Mena-Mendoza's submissions did not explain whether the IJ had already left the bench by the time he arrived or whether he notified anyone at the court of his circumstances.

In September 2003 the IJ denied Mena-Mendoza's motion to reopen, holding that he had not identified "exceptional circumstances" justifying his failure to appear. He reasoned that Mena-Mendoza should have made alternate travel arrangements "so that he was not dependent on last minute transportation of uncertain reliability." He also noted that Mena-Mendoza's version of events was not corroborated by affidavits from his employer, the towing company, or anyone who witnessed him arriving at the immigration court. Mena-Mendoza appealed to the BIA, which affirmed without opinion.

Where the BIA adopts an IJ's reasoning without opinion, we review the IJ's decision. *Jamal-Daoud v. INS*, 403 F.3d 918, 922 (7th Cir. 2005). The denial of a motion to reopen an order of removal issued in absentia is reviewed for an abuse of discretion. *Kay v. Ashcroft*, 387 F.3d 664, 671 (7th Cir. 2004). Review is limited to the validity of the notice afforded to the alien, the alien's stated reasons for failing to appear, and whether removability has been established. 8 U.S.C. § 1229a(b)(5)(D); *Kay*, 387 F.3d at 671.

On appeal Mena-Mendoza argues that the IJ erred when he concluded that transportation problems did not constitute exceptional circumstances justifying the reopening of his case. He claims that he established exceptional circumstances because the breakdown of the car he was riding in and his subsequent inability to get a cab in heavy traffic were events "beyond his control."

A removal order issued in absentia can be rescinded and a motion to reopen granted if an alien demonstrates that his failure to appear at the hearing was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); *Nazarova v. INS*, 171 F.3d 478, 482 (7th Cir. 1999). Exceptional circumstances are defined as "circumstances (such as the serious illness of the alien or serious illness or death of

the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1); *Kay*, 387 F.3d at 670.

Mena-Mendoza has not demonstrated exceptional circumstances in this case. Although we have never directly addressed an alien's failure to attend a hearing due to car trouble, the Fifth Circuit has concluded that this does not constitute exceptional circumstances. *De Morales v. INS*, 116 F.3d 145, 148-49 (5th Cir. 1997) (no exceptional circumstances where petitioners experienced engine failure halfway to courthouse; petitioners returned home instead of proceeding to hearing and made only cursory attempt to contact IJ). We have tacitly endorsed this principle in dicta, stating that "mundane car troubles" have been "rightly rejected in other cases as unexceptional circumstances." *Nazarova*, 171 F.3d at 485. Similarly, other circuits have held that traffic congestion does not amount to the exceptional circumstances required to excuse a failure to appear. *Sharma v. INS*, 89 F.3d 545, 547-48 (9th Cir. 1996) (no exceptional circumstances where petitioners were between 45 minutes and an hour late due to traffic congestion and parking difficulties); *see also Herbert v. Ashcroft*, 325 F.3d 68, 72-73 (1st Cir. 2003) ("if this were a simple situation of Herbert miscalculating how long it would take him to get to the hearing room on a winter's day in Boston, this rationale would not suffice to overturn a denial of a motion to reopen"). Mena-Mendoza has identified only unexceptional problems that could befall any petitioner and not the "compelling" and "unfortunate chain of events" required to rescind a removal order issued in absentia. *Cf. Nazarova*, 171 F.3d at 484 (alien missed hearing by waiting for tardy interpreter; INS had previously promised to provide an interpreter and failed to do so, resulting in hearing that alien could not understand).

Mena-Mendoza also argues that the IJ erred in denying his motion to reopen because he "has shown that had he arrived at his hearing, he would have been granted relief." He claims that because he has worked in the U.S. since 1985, paid taxes, and raised two U.S. citizen daughters, he is eligible for cancellation of removal and adjustment of status. But we lack jurisdiction to address this claim because Mena-Mendoza's eligibility for discretionary relief is not within the narrow parameters of review for in absentia orders. 8 U.S.C. § 1229a(b)(5)(D); *Kay*, 387 F.3d at 671 (review is limited to validity of notice, removability, and presence of exceptional circumstances). Regardless, we note that Mena-Mendoza has made only the bare assertion of his eligibility for cancellation of removal, without supporting citations to the record or the appropriate statutes.

Accordingly, we DENY Mena-Mendoza's petition for review.