United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60784
Summary Calendar
_____

MUHAMMAD TARIQ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 565 762
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

    Muhammad Tariq petitions for review of an order of the Board
of Immigration Appeals (BIA) denying his motion to reopen.  Tariq
has abandoned the petition for review from the BIA's dismissal of
his appeal from the denial of his application for asylum and
withholding of removal.

    Tariq contends that the BIA erred by requiring him to
support his motion to reopen with evidence that his application
for labor certification had been approved.  He asserts that this
amounted to an improper adjudication of the adjustment of status

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue by the BIA and that the BIA's failure to reopen the proceedings and remand the matter to the immigration judge deprived Tariq of his due process right to seek an adjustment of status.

The denial of a motion to reopen is reviewed for abuse of discretion. De Morales v. INS, 116 F.3d 145, 147 (5th Cir. 1997). A successful motion to reopen must establish a prima facie case of eligibility for the underlying relief sought. See INS v. Abudu, 485 U.S. 94, 104 (1988).

Pursuant to 8 U.S.C. § 1255(i), an alien physically present in the United States may apply for an adjustment of status to become a permanent resident if he is a beneficiary of an application for a labor certification that was filed before April 30, 2001. The Attorney General may adjust the status of an alien who has received a labor certification if "(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." § 1255(i)(2). The filing of a labor certification does not vest an alien with any right to relief from removal but is merely one step in the "long and discretionary process" of obtaining an adjustment of status under § 1255(i). Ahmed v. Gonzales, 447 F.3d 433 438-39 (5th Cir. 2006).

The BIA did not abuse its discretion in determining that Tariq had not met his burden to make a prima facie showing that

he was eligible for relief under § 1255(i).  Because such relief is discretionary, Tariq also has failed to show any due process violation.  <u>See</u> <u>Ahmed</u>, 447 F.3d at 440.

The petition for review is DENIED.