IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-61168
Summary Calendar

REINA MARIBEL SERRANO-PORTILLO; REINA MARINA PALACIOS-
SERRANO

Petitioners

v.

PETER D. KEISLER, ACTING  U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-912-040
BIA No. A98-912-041

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The petitioners, Reina Maribel Serrano-Portillo and her minor daughter, Reina Marino Palacios-Serrano, were ordered removed to El Salvador after failing to appear at their immigration hearing.  They filed a motion to reopen, arguing that car trouble prevented their appearance.  The immigration judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(IJ) denied the motion to reopen, and the Board of Immigration Appeals (BIA) affirmed the IJ's order. The petitioners, appearing pro se, have filed a petition for review, arguing that the IJ erred by failing to grant a motion for change of venue, to reopen the proceedings when car trouble that was beyond their control prevented their attendance, and, in their reply brief, they argue that a change of circumstances in El Salvador will cause their lives to be at risk if they are forced to return.

As the petitioners fail to explain in a coherent fashion why they had "good cause" for a change of venue, they have failed to demonstrate error in the IJ's decision to deny their motion for change of venue. See 8 C.F.R. § 1003.20(b); In re Rahman, 20 I. & N. Dec. 480, 483-84 (BIA 1992). Additionally, the petitioners' argument regarding changed country circumstances is raised before this court for the first time in their reply brief. This court does not consider arguments that are raised for the first time in a reply brief. See United States v. Brown, 305 F.3d 304, 307 n. 4 (5th Cir.2002).

The statute in place when the removal proceedings began provided for in absentia hearings. See 8 U.S.C. § 1229(a)(b)(5)(A) (2005); Williams-Igwonobe v. Gonzales, 437 F.3d 453, 455-56 and n.1 (5th Cir. 2006). Although the petitioners state that car trouble prevented their attendance, the petitioners cite no authority to support their arguments, nor do they provide a coherent argument discussing the IJ's analysis. Additionally, the record does not indicate that the petitioners diligently attempted to contact the immigration court while they had car problems, nor does the record indicate that the petitioners diligently attempted to pursue relief after the removal order was issued. The petitioners have therefore failed to demonstrate that their failure to attend the hearing was caused by exceptional circumstances. See De Morales v. INS, 116 F.3d 145, 147-49 (5th Cir. 1997); 8 U.S.C. § 1229a(b)(5)(C)(i) and (c)(7)(e)(1) (2005).

The denial of the motion to reopen was not an abuse of discretion. See De Morales, 116 F.3d at 147. The petition for review is therefore DENIED.