# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-60066
Summary Calendar

DORA LUZ OCHOA-BARRIOS

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A00 109 691

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:*

Dora Luz Ochoa-Barrios, a native and citizen of Guatemala, petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial of her motion to reopen her removal proceedings. Ochoa-Barrios failed to appear for her removal hearing in January 2006 and was ordered removed in absentia. She filed a motion to reopen in July 2006.

Ochoa-Barrios argues that her order of removal should be rescinded because she did not receive notice of the hearing. She acknowledges that she

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was served with and signed the Notice to Appear, but she contends that the pages of the Notice to Appear that she received did not include the page with the hearing date. She contends that she was not aware of a hearing date. Ochoa-Barrios argues that the Immigration Judge (IJ) did not address her contention, instead relying on copies of the Department of Homeland Security (DHS) forms, not the forms that she actually received.

The denial of a motion to reopen is reviewed for abuse of discretion, with factual findings reviewed for substantial evidence and determinations of law reviewed de novo. De Morales v. INS, 116 F.3d 145, 147 (5th Cir. 1997). The IJ did not abuse his discretion by relying on the fact that Ochoa-Barrios acknowledged personal service with her signature, rather than on the unsworn allegation in the motion to reopen filed by her attorney that she did not actually receive the paperwork. See Maknojiya v. Gonzales, 432 F.3d 588, 589 (5th Cir. 2005) (holding that when written notice is sent by regular, not certified, mail, the alien may prove that he did not receive the notice by his own statement in an affidavit). The unsworn and unsupported assertions in the motion to reopen are not sufficient to overcome her signed certificate of service. See Thompson v. INS, 51 F.3d 1045, * 2 (5th Cir. 1995) (noting authorities holding that an attorney's statements in a brief or motion do not constitute evidence).

Because Ochoa-Barrios has not established that the denial of her motion to reopen was an abuse of discretion, the petition for review is DENIED.