[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13390
Non-Argument Calendar

_____

Agency No. A77-872-720

ANA FRANCISCO-DOMINGO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 9, 2009)**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ana Francisco Domingo, a native and citizen of Guatemala, petitions this Court for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") denial of her motion to reopen removal proceedings following the issuance of a removal order entered in absentia. The BIA agreed with the IJ that Francisco Domingo did not show that "exceptional circumstances" beyond her control prevented her from attending the removal hearing. For the reasons set out below, we deny the petition.

## I.

In 2005, Francisco Domingo filed an "Application for Suspension of Deportation or Special Rule Cancellation of Removal," pursuant to the Nicaraguan and Central American Relief Act. The application provided, inter alia, that she was a native and citizen of Guatemala who had been living in the United States since her arrival in 1992. She lived in Florida with her husband, who was also a native and citizen of Guatemala, and her children, who were U.S. citizens. Her husband had filed an asylum application, which was pending.

In 2006, the Department of Homeland Security ("DHS") served Francisco Domingo with a Notice to Appear ("NTA"). The NTA alleged that she was removable for being an alien present in the United States without being admitted or paroled, pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).

After granting Francisco Domingo a continuance, the IJ rescheduled the

removal hearing for September 26, 2007. The IJ personally served Francisco Domingo with notice of this hearing, which also provided that "[f]ailure to appear for this hearing other than because of exceptional circumstances beyond your control will result in your being found ineligible for certain forms of relief . . . ."

On September 26, 2007, the IJ ordered Francisco Domingo removed from the United States. He explained that Francisco Domingo did not attend the removal hearing, even though he had provided her with written notification and had warned that failure to appear would result in removal. Thus, the IJ conducted the hearing in absentia, pursuant to INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). The IJ stated that Francisco Domingo had conceded removability at a prior hearing and, therefore, he found "removability established as charged" in the NTA. Finally, the IJ found that, as a result of Francisco Domingo's failure to appear, any previous applications for relief from removal were deemed "abandoned and denied for lack of prosecution."

On October 12, 2007, Francisco Domingo filed a pro se motion to reopen the removal proceedings. She explained that she did not attend the removal hearing because the windshield wipers broke on the way there, and she could not continue driving because it was raining. She attached an affidavit from her husband, who confirmed this account. He added that the windshield wipers broke approximately one hour before Francisco Domingo's hearing was scheduled to begin and that,

3

like Francisco Domingo, he was unable to attend his own immigration hearing that morning. He explained that he "could not call a taxi because [he] had little money to pay." Instead, he stated that he took the car to a mechanic. He attached the receipt from the repair shop, which indicated that he paid $175 in cash to repair a broken windshield wiper.

The IJ issued a decision denying Francisco Domingo's motion to reopen. The IJ found that Francisco Domingo had not established "exceptional circumstances" excusing her failure to attend the hearing, as required under INA § 240(b)(5)(C). He explained that "[t]he possibility of rain and minor car troubles are risks inherent to driving that should be reasonably anticipated," and there was no indication that Francisco Domingo attempted to contact the court "at any time prior to the present motion." Thus, the IJ found the case to be "on par" with Magdaleno de Morales v. I.N.S., 116 F.3d 145 (5th Cir. 1997) and Sharma v. I.N.S., 89 F.3d 545 (9th Cir. 1996), holding that mechanical failure and traffic/parking difficulties, respectively, did not constitute "exceptional circumstances." Finally, the IJ expressed concern with Francisco Domingo's husband's assertion that they did not have money to take a taxi, as the receipt from the repair shop indicated that they paid $175 in cash.

Francisco Domingo appealed the IJ's decision to the BIA. In her notice of appeal, she stated that she did not know why her motion was denied because her

4

husband was also ordered removed as a result of his failure to attend his hearing, but the judge in his case reopened the proceedings. She filed a pro se brief in the BIA repeating the same point about her husband's case. For support, she attached a notification sent by the IJ in her husband's case, reflecting that the IJ had scheduled a hearing in the case for July 1, 2008.

On May 16, 2008, the BIA affirmed the IJ's decision and dismissed the appeal. The BIA first "agree[d] with the Immigration Judge that the respondent failed to establish that these proceedings should be reopened based on exceptional circumstances." The BIA then rejected Francisco Domingo's argument that her husband's case had been reopened under the same circumstances. It explained that, while Francisco Domingo submitted evidence that her husband had a hearing scheduled in July 2008, she did not submit any proof that her husband was ordered removed in absentia or that his case was reopened based on the same set of facts. On June 16, 2008, Francisco Domingo petitioned this Court for review of the BIA's order.[1]

## II.

"We review only the Board's decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Aschroft, 257 F.3d 1262, 1284 (11th Cir.

---

[1] Francisco Domingo's petition for review was timely because, although she filed it 31 days after the BIA's order, the 30th day fell on a Sunday, which gave her until the next business day to file it. See Fed.R.App.P. 26(a)(3).

2001). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." Id. In this case, although the BIA did not expressly adopt the IJ's decision, it did "agree" with the IJ that Francisco Domingo did not show exceptional circumstances sufficient to warrant the reopening of her removal proceedings. Because the BIA appears to have incorporated the IJ's reasoning on this point, we review the decisions of both the BIA and the IJ.

"We review the BIA's denial of a motion to reopen for abuse of discretion. Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation and citation omitted). "Generally, motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. (quotations and alteration omitted).

An alien who fails to attend a removal proceeding "shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . ." INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was

6

because of exceptional circumstances (as defined in subsection (e)(1) of this section) . . . ." INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i).  Subsection (e)(1) provides:

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

**III.**

The issue on appeal is whether the BIA abused its discretion by finding that Francisco Domingo did not show exceptional circumstances under § 1229a(e)(1).[2] Francisco Domingo contends, as she did in her motion to reopen, that she could not attend the removal hearing because the windshield wipers on her car broke during a rainstorm on the drive to the hearing.

---

[2] Francisco Domingo does not challenge whether she received notice of the removal hearing or whether she was removable and, therefore, has abandoned these issues on appeal.  Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").  Nor does Francisco Domingo raise the primary argument that she raised in the BIA, namely that the IJ should have reopened her case because her husband's case was reopened.  Accordingly, she has also abandoned this argument on appeal.  Id.

Francisco Domingo devotes much of her brief to arguing the merits of her prior application for cancellation of removal, as she emphasizes that her removal would result in extreme hardship for her and her family.  However, this issue is outside the scope of this appeal, which is limited to the denial of her motion to reopen.

The plain language of § 1229a(e)(1) undermines her argument. This is so because the statute provides that "the term 'exceptional circumstances' refers to . . . battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances . . . ." INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1) (emphasis added). Driving with broken windshield wipers in a rainstorm appears to be far "less compelling" than circumstances involving battery, cruelty, illness, or death. Thus, Francisco Domingo's argument fails under the plain language of the statute.

In addition, the IJ correctly relied on Magdaleno de Morales and Sharma to support his conclusion in this regard. In Magdaleno de Morales, the Fifth Circuit held that "the mechanical failure of the petitioner's car on the way to the hearing did not constitute exceptional circumstances within the meaning of the Act." 116 F.3d at 148. And in Sharma, the Ninth Circuit held that "Petitioners' traffic difficulties do not qualify as exceptional circumstances beyond Petitioners' control." 89 F.3d at 547.

Francisco Domingo does not point to any opposing authority, but rather attempts to distinguish Magdaleno de Morales and Sharma on the ground that those cases did not involve the life threatening situation of driving without windshield wipers in a rainstorm. However, this distinction is not persuasive

8

because all three cases involved some sort of car trouble preventing the petitioner from arriving at the hearing on time; the specific type of car trouble is irrelevant. Further undermining Francisco Domingo's contention in this regard is the fact that her husband paid $175 in cash to repair the car, indicating that she could have used some of that money for a taxi ride to the hearing.

Moreover, we have emphasized the significance of contacting the IJ in order to explain one's inability to attend a removal hearing:

> Lonyem did not indicate that he made any effort to contact the Immigration Court on the day of his removal hearing to alert the IJ of his absence and to explain the reasons for it. Giving such notice of one's unavailability is a minimal and logical step that, if not taken, is a factor which tends to undermine a claim of exceptional circumstances.

Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). Similarly, the Fifth Circuit in Magdaleno de Morales emphasized the fact that, although the petitioner's car broke down approximately one hour before the hearing, the petitioners did not call the IJ to explain what had happened. Id. at 149. Indeed, the petitioners "did not attempt any further correspondence with the immigration court until over two weeks after their scheduled hearing, when they received notice of the in absentia order of deportation." Id.

In this case, as in Magdaleno de Morales, the affidavit submitted by Francisco Domingo's husband provided that the windshield wipers broke approximately one hour before her hearing. Furthermore, the IJ was correct that

9

nothing in the record indicates that Francisco Domingo attempted to contact the immigration court at any point before filing the motion to reopen. In this respect, the Fifth Circuit has stated: "In a matter of such overriding importance in an individual's life, we would expect such efforts to be made." Magdaleno de Morales, 116 F.3d at 149.

For the above reasons, we conclude that the BIA did not abuse its discretion in finding that Francisco Domingo did not show "exceptional circumstances" under § 1229a(e)(1) so as to warrant the reopening of her removal proceedings. Accordingly, we deny the petition for review.

**PETITION DENIED.**