# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

LAKHWINDER SINGH,

Petitioner

v.

ERIC H. HOLDER, JR. U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 892 415

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lakhwinder Singh, a native and citizen of India, petitions the court for review of the denial of his motion to reopen the removal proceedings in which he was ordered removed to India in absentia. He argues that his affidavit established that he became ill on the date of the hearing, he could not go to the doctor due to financial hardship, and he was not able to contact his previous attorney because he was new to this country and lacked access to a telephone.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He further notes that, after his release from his one year of immigration custody, he was mentally disturbed and did not anticipate that his affidavit would be insufficient to show that he was unable to attend the hearing due to his sickness. He asserts that the determination by the IJ and BIA that his affidavit was insufficient to meet his burden of proof was erroneous as a matter of law.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA's decision. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). A reviewing court applies a highly deferential abuse-of discretion standard, and the BIA's decision will be affirmed "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

Any alien who fails to appear at a removal proceeding shall be ordered removed in absentia if the Government establishes by clear, unequivocal, and convincing evidence that an alien is removable and that the alien, or his counsel of record, received the required statutory written notice. *See* 8 U.S.C. § 1229a(b)(5)(A). An order of removal entered in absentia may be rescinded upon a motion to reopen filed within 180 days of the removal order if the alien demonstrates that his failure to appear was due to exceptional circumstances. *See* § 1229a(b)(5)(C)(i). The term "exceptional circumstances" is defined as "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." § 1229a(e)(1).

Singh has not shown that the BIA abused its discretion in denying his motion to reopen his removal proceedings. Singh's affidavit did not provide

any specific details concerning his illness or symptoms and did not demonstrate that the illness was so serious that he was unable to attend the removal hearing. Further, Singh did not present any other corroborating evidence to show that he was too ill to attend the removal hearing, such as an affidavit of anyone who had knowledge of his illness or a receipt for an over-the-counter medication to treat his illness. *See Lonyem v. Att'y General*, 352 F.3d 1338, 1341 (11th Cir. 2003) (holding that the affidavit of a nurse was insufficient to establish that petitioner was too sick to attend hearing); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890-92 (9th Cir. 2002) (holding that the record did not compel reversal of the BIA's finding that the petitioner's declaration, that he could not attend hearing due to a serious asthma attack, did not establish exceptional circumstances). Moreover, Singh did not present any evidence to show that he had planned or had prepared to attend the removal hearing prior to becoming too sick to attend.[1] He also did not contact the Immigration Court or his previous counsel to inform them that he was unable to attend the hearing due to illness. *See De Morales v. INS*, 116 F.3d 145, 149 (5th Cir. 1997) (noting that the petitioner had failed to contact the IJ); *see also Lonyem*, 352 F.3d at 1341 ("Giving such notice . . . is a minimal and logical step that, if not taken, is a factor which tends to undermine a claim of exceptional circumstances."). Therefore, Singh has not shown that the BIA abused its discretion in finding that he did not present sufficient evidence to corroborate his affidavit and to demonstrate that he suffered from a serious illness that would constitute exceptional circumstances beyond his control under § 1229a(e)(1).

---

[1] Singh's hearing was scheduled to take place in San Antonio, Texas. At the time of the hearing, Singh had been released on bond and was living in New York. Although his affidavit states that he was "sick" on the day of the hearing, it is silent as to whether he travelled or attempted to travel from New York to Texas prior to the day of the hearing. Nor does his affidavit state or even suggest that Singh made any plans to do so.

Singh also contends that the IJ erred in denying his motion to change venue and that the IJ and BIA's decision deprived him of due process. He did not raise this argument in his appeal to the BIA. The exhaustion requirement is mandatory and jurisdictional, precluding this court from exercising jurisdiction over a question a petitioner has not exhausted. *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). Because Singh did not exhaust his administrative remedies on these issues, this court lacks jurisdiction to review them. *See id.*

PETITION DENIED.