# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

MARGARITA YAMILETH RIVAS-PORTILLO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 733 115

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Margarita Yamileth Rivas-Portillo, a native and citizen of El Salvador, petitions for review of the denial of her motion to reopen her *in absentia* removal proceedings, under 8 U.S.C. § 1229a. She claims the Board of Immigration Appeals (BIA) erred by affirming the denial of her motion.

An alien may be ordered removed *in absentia* if she fails to appear for her scheduled hearing after receipt of proper notice, and if the Government

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

establishes she is removable.  8 U.S.C. § 1229a(b)(5)(A).  An *in absentia* removal order may be rescinded upon a motion to reopen if the alien demonstrates the failure to appear was because of "exceptional circumstances". 8 U.S.C. § 1229a(b)(5)(C)(i).

There was no abuse of discretion in denying Rivas' motion to reopen. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  Rivas' mistaken belief her hearing would be transferred and rescheduled is not an exceptional circumstance justifying the reopening of her proceedings.  *De Morales v. INS*, 116 F.3d 145, 148 (5th Cir. 1997).  Additionally, the BIA's order "reflect[s] meaningful consideration of the relevant substantial evidence supporting the alien's claims".  *Abdel-Masieh v. INS,* 73 F.3d 579, 585 (5th Cir. 1996).

DENIED.