# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2022

Lyle W. Cayce
Clerk

No. 21-60524
Summary Calendar

WILSON PEREZ-VASQUEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A088 362 274

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Wilson Perez-Vasquez, a native and citizen of Guatemala, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the immigration judge's (IJ) denial of his motion to reopen. In 2018, Perez-Vasquez was ordered removed in absentia and moved to reopen

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60524

on grounds that exceptional circumstances prevented his appearance at his removal hearing, 8 U.S.C. § 1229a(b)(5)(C)(i).

When evaluating a denial of a motion to reopen, we review the BIA's order but will also evaluate the IJ's underlying decision to the extent it influenced the BIA's opinion, as it did here. *See Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018). Otherwise, a denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). Factual findings are reviewed under the substantial evidence test. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Conclusions of law are reviewed de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

First, Perez-Vasquez is correct that the BIA erred by failing to address key evidence. *See Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018). Specifically, the BIA did not consider several factors he raised in his motion to reopen as to whether exceptional circumstances prevented his appearance at his removal hearing, including evidence of: (1) Perez's multiple attempts to contact both the Portland and El Paso immigration courts; (2) the fact that he filed two change of address forms because the El Paso immigration court sent the notice of hearing to the wrong address after he filed his first one; (3) the fact that his hearing was set in El Paso—where his son was detained—as opposed to Portland despite informing officials that he was going to reside in Oregon; (4) his financial constraints in travelling to El Paso with three-days-notice. *See Matter of S-L-H- & L-B-L-*, 28 I. & N. Dec. 318, 321 & n.4 (BIA 2021); *see also Magdaleno de Morales v. INS*, 116 F.3d 145, 148 (5th Cir. 1997) (considering whether alien attempted to contact the immigration court prior to hearing). Additionally, the BIA failed to address evidence of Perez's regular check-ins with immigration officials and his diligence in filing a motion to reopen, which tend to show an incentive to appear. *See Matter of S-L-H- & L-B-L-*, 28 I. & N. Dec. at 321.

2

Perez-Vasquez's second argument that he lacked statutory notice because his notice to appear lacked the date and time is administratively unexhausted. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020); *see also Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) (holding that we review our jurisdiction de novo). His statement regarding "lack of notice" in his notice of appeal is too conclusory to sufficiently raise the statutory notice issue before the BIA, and he did not argue the issue in his brief to the BIA. *See Townsend v. INS*, 799 F.2d 179, 182 (5th Cir. 1986); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). Additionally, his argument that the BIA addressed the merits of the notice issue is unsupported by the record— the BIA specifically addressed the merits of whether Perez-Vasquez received *actual* notice as opposed to *statutory* notice.

Finally, Perez-Vasquez's argument that his due process rights were violated because the notice of hearing was not reasonably calculated to apprise him of the hearing is unavailing. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017) (holding that an alien lacks a liberty interest in a motion to reopen due to its discretionary nature).

Accordingly, Perez-Vasquez's petition for review is GRANTED in part, DISMISSED in part, and DENIED in part. His case is REMANDED to the BIA for the limited purpose of considering—in light of the totality of the circumstances of his individual case—whether exceptional circumstances prevented his appearance at his removal hearing.