United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-61015

———————————————

JOHN O WILLIAMS-IGWONOBE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

———————————————

Petition for Review from an Order of
the Board of Immigration Appeals

———————————————

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:


John Williams-Igwonobe ("Petitioner") petitions for review from the Board of Immigration Appeals ("BIA"), which affirmed the denial of his motion to reopen. The Immigration Judge ("IJ") applied the rules governing motions that seek to reopen orders entered *in absentia*. This case is controlled by our decision in *Wellington v. INS*, 108 F.3d 631 (5th Cir. 1997). Because there was no valid *in absentia* hearing under *Wellington*, we grant the petition and vacate the BIA's order.

## I. BACKGROUND

Petitioner, a native of Nigeria, entered the United States as a nonimmigrant student in 1977. In 1986, Petitioner married a United States citizen, Linda Williams-Igwonobe. He was convicted of conspiring to commit mail fraud in 1988, and the Immigration and Naturalization Service commenced deportation proceedings against him. In 1990, Petitioner and his wife had a son, Christopher Williams-Igwonobe. That same year, Petitioner sought to adjust his status based on an approved I-130 visa petition filed by his wife.

Petitioner's criminal conviction prevented him from adjusting his status. Aliens convicted of crimes involving moral turpitude are inadmissible. 8 U.S.C. § 1182(a)(9) (1988). The Attorney General, however, has the discretion to waive inadmissibility on several grounds. 8 U.S.C. § 1182(h). Petitioner sought waiver under subsection (h)(1)(B), on the ground that deportation would cause "extreme hardship" to an immediate relative who is a citizen or permanent resident.

On November 4, 1991, the IJ denied Petitioner's request for waiver, ordering him deported. Petitioner appealed. For unknown reasons, the case languished on the BIA's docket for nearly seven years. In the intervening period, Petitioner lost contact with his attorney and did not notify the immigration authorities about his change of address. On September 15, 1998, the BIA ruled in favor of Petitioner and remanded to the IJ.

Notice was mailed to Petitioner's attorney, Theodore Jakaboski. Jakaboski moved to withdraw, claiming that he had no contact with Petitioner since 1991 and had no current address for him. The IJ granted Jakaboski's motion to withdraw and mailed notice of a hearing set for February 16, 1999 to Petitioner's old address. Petitioner did not receive actual notice of the hearing and failed to appear. The IJ deemed all claims for relief abandoned and ordered Petitioner deported.

Three years later, Petitioner discovered the 1999 order. He moved for reopening on March 25, 2002. In an attached affidavit, Petitioner claimed that he had notified Jakaboski of his new address in 1994 and that Jakaboski had agreed to forward this information to the immigration authorities. The IJ denied the motion to reopen, holding that Petitioner had not shown "reasonable cause" for failing to attend the 1999 hearing. The BIA dismissed Petitioner's appeal, and this petition followed.

## II. STANDARD OF REVIEW

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005). Ordinarily, this Court reviews only the BIA's decision and does not consider the IJ's ruling. Here, however, the BIA essentially adopted the IJ's decision. It stated that the "conclusion reached by the Immigration Judge . . . was

3

correct" and did not add reasoning of its own.  Under such circumstances, we review the IJ's decision.  *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

### III.  DISCUSSION

Petitioner argues that the IJ incorrectly applied the "reasonable cause" standard to his motion to reopen.  We agree, finding this case controlled by *Wellington* 108 F.3d 631.

The statute in place when Petitioner's deportation proceedings began provides for *in absentia* hearings.  If an alien fails to appear for a scheduled hearing, the immigration judge may "proceed to a determination in like manner as if the alien were present." 8 U.S.C. § 1252(b) (1988).  Aliens denied discretionary relief in an *in absentia* hearing may still move for reopening.  *Wellington*, 108 F.3d at 635.  The alien is required to demonstrate "reasonable cause" for failing to attend the previous hearing.  *In re Haim*, 19 I. & N. Dec. 641, 642 (1988).[1]

In *Wellington*, this Court held that a showing of "reasonable

---

[1] Current regulations provide a stricter standard.  A motion to reopen an order entered *in absentia* may only be granted if the alien's failure to attend was due to "exceptional circumstances beyond the control of the alien."  8 C.F.R. § 1003.23(b)(4).  The IJ determined that the "reasonable cause" rather than "exceptional circumstances" standard applied because Petitioner's deportation proceedings were conducted under 8 U.S.C. § 1252(b) (1988) rather than 8 U.S.C. § 1252b (Supp. II 1990).  *See generally In re Cruz-Garcia*, 22 I. & N. Dec. 1155 (1999). Neither party disputes the decision below that the "exceptional circumstances" standard is inapplicable to the case at bar.

4

cause" may be a prerequisite to reopening only when an underlying *in absentia* hearing was held. *Id.* at 635–36. Furthermore, the *Wellington* Court explained that "an *in absentia* hearing is a hearing *on the merits* of the record before the administrative court." *Id.* at 636 (emphasis in original).

When Petitioner failed to attend the scheduled proceeding in 1999, the IJ issued a boilerplate order stating that all claims for relief had been "abandoned." As in *Wellington*, there is no indication that the IJ considered the merits of Petitioner's claims. The IJ did not consider whether the impact on Petitioner's wife and son amounted to extreme hardship such that waiver of inadmissibility was warranted under section 1182(h). An order deeming relief abandoned, though authorized under BIA regulations, is not the equivalent of a determination reached in an *in absentia* hearing because it is not a decision on the merits. *Id.* "Because no *in absentia* hearing was held, the rule that *in absentia* determinations may only be reopened upon a showing of 'reasonable cause' is inapplicable." *Id.*

At oral argument, the Government contended that any error in applying the "reasonable cause" standard was not prejudicial. *See Beltran-Resendez v. I.N.S.*, 207 F.3d 284, 287 (5th Cir. 2000) (holding that statutory error in deportation proceedings was harmless). It argued that Petitioner failed to introduce any evidence of extreme hardship to an immediate relative to support

his application for a section 1182(h) waiver. We disagree. Petitioner has been married to a U.S. citizen since 1986. He introduced seven affidavits from friends and relatives attesting to the bona fides of the marriage. Furthermore, Petitioner and his wife have a son, also a U.S. citizen, who was twelve years old when the motion to reopen was denied. Record evidence also suggests that Petitioner's wife is an "unemployed housewife" and that she and their son rely on Petitioner's income and health insurance. As in *Wellington*, Petitioner was prejudiced because he introduced substantial evidence in support of a claim that has never been considered properly on the merits. 108 F.3d at 637.[2]

## IV.   CONCLUSION

Accordingly, the IJ's decision that denied Peitioner's motion to reopen under the "reasonable cause" standard was an abuse of discretion. The petition for review is GRANTED. We VACATE and REMAND for proceedings in accordance with this opinion. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002).

---

[2] Because the IJ's erroneous use of the "reasonable cause" standard disposes of this case, we do not consider additional claims of error raised by Petitioner.