United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
————————————————

No. 06-60048
————————————————

ROBERTO ANTONIO GONDOLA,

            Petitioner,

        v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

            Respondent.

------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(A21 566 413)
------------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Although the district court erred in transferring this case pursuant to 8 U.S.C. § 1252 note (2005) (Transfer of Cases), transfer is proper under 28 U.S.C. § 1631.[1]

    Because Gondola has been convicted in Texas state court of

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] "Whenever a civil action is filed . . . [and] there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."

1

possessing and delivering at least 400 grams of cocaine,[2] 8 U.S.C. § 1252(a)(2)(C) limits this court's jurisdiction to review Gondola's petition. "[W]e retain jurisdiction to determine jurisdictional facts. Specifically, to determine whether we are precluded from reviewing this petition, we must inquire, first, whether [the Petitioner] is an alien and then, if he is, whether he is removable for having committed a crime covered by 8 U.S.C. § 1252(a)(2)(C)." *Balogun v. Ashcroft*, 270 F.3d 274, 278 (5th Cir. 2001).

Gondola served in the United States Marine Corps in Vietnam. As a result, he was eligible for naturalization under 8 U.S.C. § 1440.[3] Gondola filed a Petition for Naturalization on March 22, 1985 and argues that, but for the Government's error in sending his naturalization papers to an incorrect address, he would have been a naturalized citizen prior to his 1992 conviction. The record shows that Gondola failed to appear for his final hearing Swearing In Ceremony because notice of the hearing was sent to one of Gondola's previous addresses, even though Gondola's current address was on file.

---

[2] On May 22, 1992, Gondola, a native of Panama, was convicted of possessing and delivering at least 400 grams of cocaine in violation of Texas Health and Safety Code § 481.114. He was sentenced to forty years of imprisonment.

[3] 8 U.S.C. § 1440 is entitled "Naturalization through active-duty service in the Armed Forces during World War I, World War II, Korean hostilities, Vietnam hostilities, or other periods of military hostilities."

Construing Gondola's argument broadly,[4] he appears to argue that he is not an alien who is removable by reason of having committed an offense covered in 8 U.S.C. § 1252(a)(2)(C). Despite the Government's error in mailing notice to the wrong address, 8 U.S.C. § 1448 requires that an applicant for naturalization take an oath of renunciation and allegiance in order to be admitted to citizenship.[5]  Gondola admits he took no such oath, albeit through no fault of his own.  Gondola is not a naturalized citizen, and is therefore an alien who is removable by virtue of his conviction for an aggravated felony.[6]  As Gondola does not raise constitutional claims or other questions of law,[7] we lack jurisdiction to review his petition further.

For the reasons stated above the respondent's motion to dismiss is GRANTED.  Gondola's motion for stay of deportation pending review is DENIED AS MOOT.

---

[4] "[W]e construe the submissions of pro se litigants broadly in deference to their status." *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998).

[5] *Compare Williams-Igwonobe v. Gonzales*, 437 F.3d 453 (5th Cir. 2006) (Petitioner, who did not receive actual notice of his deportation hearing because notice was sent to his old address, could reopen the proceedings for "reasonable cause.").

[6] Gondola does not dispute that he committed an offense covered in 8 U.S.C. § 1252(a)(2)(C).

[7] *See* 8 U.S.C. § 1252(a)(2)(d).

3