United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60469
Summary Calendar
_____

MOHAMED BOKHETACHE,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 010 634
--------------------

Before REAVLEY, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

    Mohamed Bokhetache, a native and citizen of Algeria, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the decision of the immigration judge (IJ), which rejected his application for asylum as untimely and denied his applications for withholding of removal and for relief under the Convention Against Torture (CAT).

----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bokhetache has effectively waived his claim for relief under the CAT by failing to brief it. See Rodriquez v. INS, 9 F.3d 408, 415 n.15 (5th Cir. 1993).

Bokhetache argues that the BIA violated his due-process rights and abused its discretion in refusing to consider his brief, which was filed more than two months late. Bokhetache's attorney had failed to inform the BIA of her change of address and did not receive the briefing schedule. Bokhetache argues that the BIA's refusal to consider his untimely brief was a "total denial" of "any opportunity" to be heard and that the agency's own regulations do not set forth requirements for notifying the BIA of an attorney's address change. Because 8 C.F.R. § 1003.38(e) explicitly requires applicants and their attorneys to notify the BIA of an address change, this contention is unavailing. The BIA did not abuse its discretion in refusing to file the brief. See Huicochea-Gomez v. INS, 237 F.3d 696, 701 (6th Cir. 2001). Bokhetache has not established a due-process violation, either, because he had not made an initial showing of "substantial prejudice." See De Zavala v. Ashcroft, 385 F.3d 879, 883 (5th Cir. 2004).

We lack jurisdiction to consider Bokhetache's challenge to review the IJ's rejection of his asylum application as time-barred. See 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D), (a)(3); Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Nieto-Baquero v. Gonzales, 133 F. App'x 976 (5th Cir. 2005); Babo

v. Gonzales, No. 05-60465 (5th Cir. Mar. 23, 2006), 2006 WL 752083 at **2 & 3 n.6.

We will uphold the finding that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence. Zhang v. Gonzales, 432 F.3d 339, 344 (5th Cir. 2005). When the BIA has adopted the IJ's decision, as here, we review the IJ's decision. See Williams-Igwonobe v. Gonzales, 437 F.3d 453, 455 (5th Cir. 2006). The "substantial evidence" standard requires that the agency decision be based on the record evidence and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion." Id.

Bokhetache has not established that the evidence "compels" a conclusion that it is "more likely than not" that he will be persecuted if returned to Algeria. Roy v. Ashcroft, 389 F.3d 132, 138-39 (5th Cir. 2004); Zhang, 432 F.3d at 344. Between 1974 and 2000, Bokhetache worked for a for state-owned Algerian petroleum company, Sonatrach. In the mid-to-late 1990s, Sonatrach had a entered into a joint venture with an American company to develop a hydrocarbon field in Algeria, a project for which Bokhetache served as engineering manager. Because of alleged waste and inefficiency by Algerian contractors and workers, Bokhetache replaced them with Filipino companies and workers. Allegedly, these actions earned the enmity of Islamic

militants in Algeria, as did Sonatrach's collaboration with American companies and the perception that Sonatrach was connected to a corrupt Algerian government.  Bokhetache, however, has failed to show that he was individually targeted by militants or that, as a <u>former</u> Sonatrach employee, he likely will be targeted if were to be returned to Algeria.  <u>See</u> <u>Roy</u>, 389 F.3d at 138.

The petition for review is DENIED.