United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61075
Summary Calendar
_____

WALEED KHALED AL NEMA,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 294 475
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Waleed Khaled Al Nema, a native of Kuwait and citizen of
Iraq, petitions for review of the order of the Board of
Immigration Appeals (BIA) dismissing his appeal of the
immigration judge's (IJ) decision denying his application for
withholding of removal and for relief under the Convention
Against Torture (CAT).

We will uphold the finding that an alien is not eligible for
withholding of removal and relief under the CAT if that finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is supported by substantial evidence.  Zhang v. Gonzales, 432 F.3d 339, 344 (5th Cir. 2005).  When the BIA has adopted the IJ's decision, as here, we review the IJ's decision.  Williams-Igwonobe v. Gonzales, 437 F.3d 453, 455 (5th Cir. 2006).  The "substantial evidence" standard requires that the agency decision be based on the record evidence and that the decision be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion."  Id.

Al Nema has never lived in Iraq.  His claim is based almost entirely on his father's having opposed the Ba'ath Party of Saddam Hussein in the early 1960s.  After being tortured by Ba'ath loyalists in 1960, Al Nema's family left Iraq for Kuwait, where all but Al Nema and one of Al Nema's three sisters (who lives with her husband in Iraq) have since remained.  At his hearing before the IJ, Al Nema testified that his father was beaten and tortured by Ba'ath officials in 1972 and 1985, when he returned to Iraq to renew his passport.  Al Nema himself testified that, at the age of eight in 1979, he briefly visited Iraq with his grandmother.  He stated that he was intimidated, interrogated, and slapped by border-checkpoint officials.

The IJ's conclusion that this testimony did not establish a clear probability of persecution, for purposes of Al Nema's application for withholding of removal, was supported by

substantial evidence.  <u>Roy v. Ashcroft</u>, 389 F.3d 132, 138-39 (5th Cir. 2004); <u>Zhang</u>, 432 F.3d at 344.  Similarly, the IJ's determination that Al Nema had not established that he was likely to be tortured in Iraq, for purposes of his CAT claim, was supported by substantial evidence.  <u>See</u> <u>Efe v. Ashcroft</u>, 293 F.3d 899, 907 (5th Cir. 2002).  Al Nema failed to show how the decades-old incidents involving his father suggested <u>he</u>, Al Nema, would be persecuted.

The petition for review is DENIED.  Al Nema's motion to remand the case to the BIA is also DENIED.