**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 29, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60109
Summary Calendar

_____

RAMON NONATO MEDINA-TORRES

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 490 066
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramon Nonato Medina-Torres (Medina) seeks review of an order
of the Board of Immigration Appeals (BIA) that dismissed his appeal
of an Immigration Judge's (IJ) decision denying his motion to
reopen immigration proceedings. Medina argues that the immigration
proceedings should be reopened because he had reasonable cause for
failing to appear at the immigration hearing. He also argues that
the BIA abused its discretion by dismissing as untimely his motion
to reopen his immigration proceedings based upon his eligibility
for relief.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medina's factual argument that he did not receive notice of the hearing is belied by the record. Rather than directly address the BIA's determination that the hearing notice that was served on his attorney was effective as to Medina pursuant to 8 C.F.R. § 292.5, Medina argues that he failed to appear due to counsel's ineffectiveness. However, Medina admittedly failed to follow the procedural requirements necessary to use counsel's ineffectiveness as a basis for reopening. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000) (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)). He thus cannot successfully rely on his counsel's actions to support his assertion that his counsel's performance constitutes reasonable cause for his failure to attend the hearing. See id. Therefore, Medina has failed to demonstrate reasonable cause for his absence at the immigration hearing. Williams-Igwonobe v. Gonzales, 437 F.3d 453, 455 (5th Cir. 2006).

Similarly, Medina's argument that his motion should not be considered time-barred is premised on his counsel's performance. As discussed above, Medina admittedly failed to follow the procedural requirements necessary to use counsel's ineffectiveness as a basis for reopening. See Lara, 216 F.3d at 496. He therefore cannot rely on counsel's purported ineffectiveness to circumvent the time-bar. See 8 C.F.R. § 1003.2(c)(2). To the extent that Medina is arguing that equitable tolling should apply to his case, even if the doctrine of equitable tolling applied in this instance, Medina's conclusional, unsupported arguments do not indicate that

Medina's case is the rare and exceptional case that warrants equitable tolling.  <u>See, e.g.</u>, <u>Fierro v. Cockrell</u>, 294 F.3d 674, 682 (5th Cir. 2002).

The BIA did not abuse its discretion when it denied Medina's motion to reopen.  <u>Lara</u>, 216 F.3d at 496.  Medina's petition for review is therefore DENIED.