United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 06-60983
Summary Calendar

———

XIOMARA MARTINA HERNANDEZ-SANTOS

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 589 963

———

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

 Xiomara Martina Hernandez-Santos (Hernandez) petitions this court to review an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of her motion to reopen. Hernandez, a native and citizen of Honduras, was arrested in June 1989 when she entered the United States without inspection and was detained for approximately one month. While she was in custody, Hernandez was served with an order to show cause which did not set a hearing date.

———

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez was then released on her own recognizance and was granted permission to travel to New York to live with her brother at an address provided by Hernandez. The order by which Hernandez was released lists an address in Rochester, New York. However, Hernandez's brother lived not in Rochester but in Port Chester, New York. Consequently, when notices of hearing were mailed to the Rochester address, they were returned as undeliverable, and Hernandez was ordered deported in absentia in November 1989.

In January 2006, Hernandez moved to reopen her deportation proceedings. The immigration judge denied the motion to reopen, and the BIA affirmed. The BIA determined that Hernandez's failure, for many years, to inquire into the status of her deportation proceedings and her delay in seeking reopening reflected a lack of diligence. The BIA determined that a favorable exercise of discretion was not warranted.

"The decision to grant or deny a motion to reopen is purely discretionary." Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550-51 (5th Cir. 2006). We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005).

At the time of Hernandez's deportation hearing in 1989, a deportation hearing could be held in absentia if the alien was given a reasonable opportunity to be present and without reasonable cause failed or refused to attend the proceedings. See Williams-Igwonobe v. Gonzales, 437 F.3d 453, 455-56 & n.1 (5th Cir. 2006). Hernandez argues that she has established reasonable cause for her failure to appear given that she provided the correct address and did not receive notice of her immigration hearing due to an unnoticed error.

Hernandez also contends that the BIA erred in its determination that a favorable exercise of discretion was not warranted. In this regard, Hernandez asserts that she thought that her immigration case was concluded and did not know that she had any reason to inquire into the status of her deportation proceedings or to be diligent about her case before the immigration court. She

argues that the equities weigh in her favor, because, inter alia, she has an approved labor certification and she is prima facie eligible for adjustment of status, notwithstanding the order of deportation.

The record shows that Hernandez waited over 16 years to seek to reopen her deportation proceedings, and that she did so, according to her filings, only after becoming eligible for relief. Although Hernandez did not receive notice of her deportation hearing, her arrest and detention, her receipt of an order to show cause, and her release on her own recognizance indicated that deportation proceedings against Hernandez were pending. Further, the record shows that Hernandez failed to abide by the conditions of her release on her own recognizance, which, inter alia, required Hernandez to report monthly to the Buffalo District of the Immigration and Naturalization Service.

In view of the above, we conclude that the decision of the BIA was not "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (quoting Zhao, 404 F.3d at 304)). Accordingly, Hernandez's petition for review is DENIED.