# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2010

Charles R. Fulbruge III
Clerk

No. 07-60920
Summary Calendar

BERNARDO ALFONSO MENDEZ-SANTACRUZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A27 601 052

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bernardo Alfonso Mendez-Santacruz (Mendez), a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his motion to reopen removal proceedings after he was ordered deported in absentia. He argues that the BIA should have found reasonable cause for his failure to appear at his initial hearing and also asserts that the BIA erred in failing to exercise its discretion to reopen the proceedings to consider adjustment of status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's denial of a motion to reopen under the "highly deferential abuse of discretion standard," regardless of the basis of the alien's request for relief. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Accordingly, we must affirm the BIA's decision as long as it is not capricious, "utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal citation and quotations omitted).

The governing statute in place at the time of Mendez's 1987 deportation hearing allowed in absentia hearings if the alien was given a reasonable opportunity to be present but failed or refused to attend the proceedings without reasonable cause. I.N.A. § 242(b), 8 U.S.C. § 1252(b) (1982) (repealed 1990); *see also Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 & n.1 (5th Cir. 2006). Under the former § 1252(b), an alien denied relief in an in absentia hearing may still move for reopening, but is required to demonstrate reasonable cause for his failure to appear at the original hearing. *Williams-Igwonobe*, 437 F.3d at 455-56 & n.1 (*citing Matter of Haim*, 19 I.&N. Dec. 641, 642 (BIA 1988)). Mendez asserts that he established reasonable cause for his absence from his original deportation hearing by demonstrating that he was not given proper notice.

Properly notifying an alien's counsel of the time, date, and location of a hearing can constitute adequate and effective notice to the alien. *See* 8 C.F.R. § 292.5(a); *see also Men Keng Chang v. Jiungi*, 669 F.2d 275, 277 (5th Cir. 1982); *Matter of Barocio*, 19 I.&N. Dec. 255, 259 (BIA 1985). Mendez has wholly failed to show that Lionel Perez did not serve as his counsel of record or that Perez did not receive the notice sent. Beyond the bare allegations that he did not attend the hearing because he did not receive notification from Perez, he has made no attempt to comply with the requirements of *In re Lozada,* 19 I. & N. Dec. 637 (BIA 1988), or otherwise demonstrate ineffective assistance of counsel. *See In re N-K- & V-S-*, 21 I. & N. Dec. 879, 880-81 (BIA 1997) (if an applicant meets the

requirements set forth in *Lozada*, a claim of ineffective assistance of counsel can form the basis of a successful motion to reopen).  The general application of the *Lozada* requirements is not an abuse of discretion. *Lara v. Trominski*, 216 F.3d 487, 498 (5th Cir. 2000).  The BIA did not abuse its discretion in holding that Mendez had not shown reasonable cause for his absence from his initial immigration hearing.

Mendez also asserts that his motion was timely because a motion to reopen based upon lack of proper notice can be filed at any time. *See* INA § 240a)(5)(C)(ii)*, 8 U.S.C. § 1229(a)(5)(C)(ii).* He is correct to the extent that his motion to reopen sought to rescind his in absentia deportation order; however, to the extent that Mendez sought to reopen in order to apply for new relief, the motion was not timely filed. *In re M-S-*, 22 I.&N. Dec. 349 (BIA 1998); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b); *see also In re Cruz-Garcia*, 22 I.&N. Dec. 1155, 1160 (BIA 1999) (concluding that respondent's motion to reopen to consider adjustment of status was untimely because the motion had not been filed by September 30, 1996).  Therefore, the BIA did not abuse its discretion in denying the motion to reopen to the extent that Mendez sought an adjustment of status. Accordingly, the petition for review is DENIED.