# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2010

Lyle W. Cayce
Clerk

No. 08-60835
Summary Calendar

ESTEBAN FRANCISCO PASCUAL, also known as, Jose Luis Guerrero-Morales, also known as, Enrique Dias-Garcia,

Petitioner,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 72-402-019

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this immigration case, Petitioner Esteban Francisco Pascual, a native and citizen of Guatelmala, seeks review of two orders issued by the Board of Immigration Appeals (BIA). The first, issued on August 18, 2008, dismissed his appeal of an Immigration Judge's (IJ) denial of his application for cancellation of removal and deemed abandoned his application for adjustment of status. The

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

second, issued on February 27, 2009, denied his motion to reopen and reconsider the BIA's August 18 decision. For the following reasons, we deny the petition for review.

## I.

Pascual entered the United States in October 1991 without admission or parole. On June 20, 1995, Pascual filed an application for adjustment to Legal Permanent Resident status pursuant to 8 U.S.C. § 1255(i), based on his marriage to a United States citizen. Immigration and Naturalization Service (INS) denied Pascual's adjustment of status application, finding him ineligible pursuant to 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) & (a)(6)(E)(i) based on his criminal history. The Department of Homeland Security (DHS), INS's successor, denied Pascual's application for a Waiver of Grounds of Excludability. DHS issued Pascual a Notice to Appear, charging him with inadmissability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

Pascual appeared before an IJ on April 24, 2006. His counsel informed the court that Pascual planned to apply for an adjustment of status based on his marriage to a United States citizen and that his wife had filed an I-130 visa application in April 2001. The IJ set a deadline of June 8, 2006 for filing applications for the relief that Pascual sought. Pascual appeared before the IJ again for a preliminary hearing on June 8, 2006 and reiterated that he sought asylum, withholding of removal, cancellation of removal and adjustment of status. Counsel for DHS informed the IJ that Pascual's adjustment of status claim had been denied because he had misrepresented his criminal history.[1]

_____

[1] We note that it is undisputed that Pascual was convicted for violating 18 U.S.C. § 2 and 8 U.S.C. § 1325(a)(2) by helping aliens to elude examination or inspection. Pascual argues that he is nevertheless eligible for an adjustment of status because he was convicted for helping illegal aliens to elude inspection at a checkpoint and this conviction does not necessarily entail that he aided their illegal entry at the border. *See* 8 U.S.C. § 1182(a)(6)(E)(I) ("Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is

No. 08-60835

Pascual appeared with counsel on March 5, 2007, for a hearing on the merits of his applications for relief from removal. Pascual's attorney submitted supporting documents for the cancellation-of-removal application and then asked the IJ if he had ruled on the adjustment-of-status application. The IJ responded that no documents regarding this claim had ever been submitted to him and denied Pascual a continuance to do so, finding the application to have been abandoned because it was not timely submitted. The IJ also denied Pascual's application for cancellation of removal.

Pascual appealed the IJ's decision to the BIA. On August 18, 2008, the BIA dismissed his appeal, finding that Pascual had failed to present sufficient evidence that his removal would cause his wife and children the degree of hardship necessary to obtain a cancellation of removal. The BIA also affirmed the IJ's dismissal of Pascual's application for adjustment of status, finding that Pascual had waived his right to apply for this form of relief by failing to timely file his application. The BIA noted that Pascual had failed to show that he had a reasonable excuse for missing the deadline. *See In re Sibrum*, 18 I&N Dec. 354 (BIA 1983). The BIA also declined to remand Pascual's newly-filed application for adjustment of status for consideration, finding that he had not made a *prima facie* case that he was not inadmissable under 8 U.S.C. §§ 1182(a)(6)(C)(ii) or 1182(a)(6)(E).

Pascual filed a motion to reopen and reconsider, which the BIA denied. The BIA noted that Pascual's motion failed to state an error of fact or law in the Board's decision. The BIA affirmed its previous holding that the IJ acted within his statutory authority in dismissing Pascual's application as untimely. The BIA also affirmed its denial of Pascual's request to remand his case to the IJ, finding that he had not established *prima facie* eligibility for such relief.

---

inadmissible."). As discussed below, we need not consider this argument.

3

No. 08-60835

## II.

In its August 18, 2008 decision, the BIA affirmed the IJ's March 5, 2007 decision and added its own reasoning.  Therefore, we review the decision of the IJ and the BIA to determine whether the factual findings are supported by "substantial evidence in the record." *Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007) (internal quotation marks and citation omitted).  The agency's legal conclusions are reviewed *de novo. Bolvito v. Mukasey*, 527 F.3d 428, 435 (5th Cir. 2008).

We review the BIA's denial of Pascual's motion to reopen and reconsider "under a highly deferential abuse-of-discretion standard."  *Williams-Igwonobe v. Gonzalez*, 437 F.3d 453, 455 (5th Cir. 2006) (citation omitted).

In his opening brief, Pascual fails to address the IJ and BIA's determination that his application was abandoned. Pascual only makes a passing reference to this determination in the facts section of his brief and has therefore waived this argument.  *See McIntosh v. Partridge*, 540 F.3d 315, 325 n.12 (5th Cir. 2008) (citation omitted). We look to Pascual's initial brief to determine whether he has adequately presented issues for appeal.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (citations omitted).  As this issue is dispositive of Pascual's petition for review, we need not reach the issue of the BIA's refusal to remand his new application for adjustment of status to the IJ for consideration.

For the foregoing reasons, the petition for review is hereby DENIED.