# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2010

Lyle W. Cayce
Clerk

No. 09-60577
Summary Calendar

JOFFRE JORGE PEREZ-MARQUIN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072-406-497

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joffre Jorge Perez-Marquin, a native and citizen of Ecuador, petitions for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his motion to reopen his 1993 deportation proceedings. After notice was sent to the address provided by Perez-Marquin by certified mail, Perez-Marquin failed to appear for his deportation hearing in March 1993 and was ordered deported in absentia. He filed a motion to reopen in January 2008.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Perez-Marquin's deportation proceedings became final in 1993, prior to the April 1, 1997, effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the proceedings were subject to the provisions of former 8 U.S.C. § 1252b (1993) (repealed 1996). *See* Pub. L. No. 104-208, title III, div. C, § 309(c), 110 Stat. 3009-625 (Sept. 30, 1996); *Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 (5th Cir. 2006). Section 1252b provided that a deportation order entered in absentia could be rescinded upon a motion to reopen filed at any time "if the alien demonstrate[d] that the alien did not receive notice in accordance with subsection (a)(2) of this section . . . ." § 1252b(c)(3)(B) (repealed 1996). The BIA found that the notice provided Perez-Marquin, however, was sufficient because the Immigration Court mailed the notice of hearing by certified mail to the address provided by Perez-Marquin and because he was personally served with an Order to Show Cause that warned him of the consequences for failing to provide a current address to the Immigration Court.

Perez-Marquin argues that the BIA abused its discretion in dismissing his appeal. Perez-Marquin contends that the BIA applied the incorrect legal standard when it failed to require "actual notice" of the hearing. In *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir.2005), this court reiterated the admonitions of *Matter of Grijalva*, 21 I. & N. Dec. 27, 37-38 (BIA 1995), that a strong presumption of effective service applies where notice was sent via certified mail and that the presumption "may be overcome only by the affirmative defense of nondelivery or improper delivery by the Postal Service." As the BIA applied this standard in its analysis, Perez-Marquin has failed to show an error of law in the BIA's analysis, even under de novo review. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Perez-Marquin additionally argues that the BIA's factual conclusions were not supported by the evidence because he filed an affidavit that contradicted the BIA's factual conclusions. Perez-Marquin's affidavit is ambiguous evidence at

the best.  In it, Perez-Marquin avers that he came to the United States in January 1991, was apprehended by former Immigration and Naturalization Service, and was released when a family friend paid the bond for his release.  In the next paragraph, Perez-Marquin states, without providing a date, that he went to live with the friend and remained at that address for approximately four months.  As proof that Perez-Marquin had not moved before notice of the hearing was mailed to him at the friend's address in 1993, the affidavit fails to compel a conclusion contrary to that of the BIA.  *See Gomez-Palacios*, 560 F.3d at 358.

We lack jurisdiction to consider the arguments that Perez-Marquin has raised for the first time on appeal.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  Specifically, Perez-Marquin argues that there is no proof that the Office of the IJ mailed the notice of the hearing, that the Certified Mail receipt does not reflect that the notice was actually mailed, that the IJ relied on an envelope that did not reflect mailing prior to the deportation hearing, and that INS violated his due process rights by holding an in absentia hearing where he did not receive actual notice.  As the BIA did not have the opportunity to consider these arguments in the first instance, this court lacks jurisdiction to consider them.  *See Roy*, 389 F.3d at 137.

We decline to consider Perez-Marquin's claim, raised for the first time before this court in his reply brief, that the administrative record, including copies of the relevant mailing envelopes, was not available to him when he prepared his appeal of the IJ's order to the BIA.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

Perez-Marquin has failed to show that the BIA's decision is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *See Gomez-Palacios*, 560 F.3d at 361.  His petition for review is DENIED.