# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2011

Lyle W. Cayce
Clerk

No. 10-60223
Summary Calendar

ARACELY MARILU BARAHONA-CARDONA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Appeal from the United States
Board of Immigration Appeals

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Aracely Marilu Barahona-Cardona ("Barahona") petitions this court for review from the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her motion to reopen immigration proceedings in which she was ordered removed *in absentia*. Because the IJ applied the wrong standard of law, we grant the petition for review, reverse the BIA's decision, and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60223

## I. Background

In 1989, Barahona, a native and citizen of Guatemala, was apprehended by immigration officials for entering the United States without inspection. On December 20, 1989, the immigration court sent Barahona notice by regular mail that her removal hearing would be held on April 11, 1990. Barahona failed to appear at the hearing and was ordered deported *in absentia.* In February 2009, Barahona moved to reopen deportation proceedings in which she applied for relief under the Nicaraguan Adjustment and Central American Relief Act and argued that she had reasonable cause for her failure to appear at the removal hearing because she did not receive notice of the hearing. The IJ denied her motion to reopen and the BIA summarily affirmed the IJ's decision.

## II. Analysis

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as that of the agency. *Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004). A motion to reopen is reviewed under a highly deferential abuse-of-discretion standard. *Zhou v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will uphold the IJ's factual findings if they are supported by substantial evidence and review conclusions of law de novo. *Eduard*, 379 F.3d at 186. Consequently, we may reverse an IJ's decision if it is based upon an erroneous application of the law. *Id.*

Because Barahona's deportation hearing was held before June 13, 1992, her motion to reopen should be granted if she can show reasonable cause for her failure to appear at the deportation proceeding. *See Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 & n.1 (5th Cir. 2006); *In re Cruz-Garcia*, 22 I. & N. Dec. 1155, 1156 & n.1 (BIA 1999). She argues that she did not appear because she did not receive notice of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *see also Maknojiya v. Gonzales,* 432 F.3d 588, 589 (5th Cir. 2005) ("[A]n *in absentia* removal order may be rescinded upon a motion to reopen filed at any time if the

2

No. 10-60223

alien demonstrates that the alien did not receive notice."). Proof that notice was sent by regular mail creates a slight presumption that the notice was delivered and actually received by the person to whom it was addressed. *Matter of M--- R--- A---,* 24 I. & N. Dec. 665, 672-73 (BIA 2008); *see also Beck v. Somerset Techs.,* 882 F.2d 993, 996 (5th Cir. 1989). Whether an alien has sufficiently rebutted the presumption of delivery is determined by weighing all of the evidence, including affidavits, the alien's attendance at other immigration proceedings, prior applications for relief, and other evidence indicating possible non-receipt. *Matter of M--- R--- A---,* 24 I. & N. Dec. at 674.

In support of her motion to reopen, Barahona submitted an affidavit stating that she did not receive notice of the deportation hearing. The IJ refused to consider her affidavit stating: "[t]he Court cannot simply rely on the self-serving statements in her affidavit regarding receipt of the notice."[1] The IJ's assertion that he "cannot" rely on the affidavit was erroneous as a matter of law. Although an affidavit is inadequate to rebut the presumption of delivery of certified mail,[2] an affidavit of non-receipt can be sufficient to rebut the weaker presumption of delivery that arises under regular mail. *See Maknojiya,* 432 F.3d at 590 ("[I]n the case of failed mail delivery when regular mail is used, the 'only proof' is the alien's statement that he or she did not receive notice.").

The Government argues that because Barahona moved to Los Angeles without notifying the immigration court of her change of address, the affidavit

---

[1] The IJ's observation that the affidavit was self-serving does not compel the conclusion that he discredited it; indeed, it would be odd for a party to submit an affidavit that was not self-serving in the sense that it provides support for his claims. *Cf. Maknojiya,* 432 F.3d at 590 ("While the IJ characterized the affidavits as self-serving, he did not find an evidentiary flaw in the affidavits.").

[2] *See In re Grijalva,* 21 I. & N. Dec. 27, 37 (BIA 1995) ("A bald and unsupported denial of receipt of certified mail is not sufficient to support a motion to reopen to rescind an in absentia order . . . ."); *see also Maknojiya,* 432 F.3d at 589 (noting the *Grijalva* standard applies to certified mail delivery).

that she did not receive notice is insufficient as a matter of law. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 (5th Cir. 2009) (affirming denial of motion to reopen where the alien did not receive notice because he did not apprise the immigration court of his change of address). However, the Government does not dispute her sworn testimony that she moved in May 1990, *after* the December 20, 1989 notice and the April 11, 1990 hearing; nor does the Government present any evidence that it attempted to notify Barahona of hearings after she was ordered removed *in absentia*. Therefore, Barahona's failure to notify the immigration court of her new address does not defeat her motion to reopen.

Though the IJ was not required to find that Barahona's affidavit was credible, the IJ's denial of Barahona's motion here was based on his erroneous conclusion that the affidavit was insufficient as a matter of law rather than an evidentiary finding that the affidavit was unreliable. For these reasons, we GRANT Barahona's petition for review, REVERSE the decision of the BIA, and REMAND to the BIA for proceedings consistent with this opinion.