# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2017

Lyle W. Cayce
Clerk

No. 16-60138
Summary Calendar

DALIA JAZMIN RUANO-PEREZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 963 948

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

After she failed to appear at her October 25, 2005 removal hearing, Dalia Jazmin Ruano-Perez, a native and citizen of El Salvador, was ordered removed from the United States in absentia. Nine years later, Ruano-Perez moved to reopen her removal proceedings and to rescind the in absentia removal order. The Immigration Judge (IJ) denied the motion, and the Board of Immigration Appeals (BIA) dismissed her ensuing appeal. Ruano-Perez now petitions this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court for review of the BIA's order. *See* 8 U.S.C. § 1252(a)(5). To the extent she complains that the BIA declined to exercise its sua sponte authority to reopen the removal proceedings, we lack jurisdiction to review that ruling. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004); *see also Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015). Finding no abuse of the BIA's discretion otherwise, we deny the petition for review. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

Ruano-Perez first argues that the BIA erred in denying her motion to rescind the in absentia removal order because she did not receive actual notice of the removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). She concedes, however, that she did not provide the immigration court with an address for service, despite receiving written and oral notice of her obligation to do so. *See* 8 U.S.C. § 1229(a)(1)(F)(i). As such, she is not entitled to rescission of the in absentia removal order based on lack of notice. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 675 (BIA 2008); *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 (5th Cir. 2009).

Ruano-Perez's contention that Border Patrol agents had the burden to ascertain a serviceable address on her behalf is unsupported. *See* § 1229(a)(1)(F)(i); *Gomez-Palacios*, 560 F.3d at 360. Moreover, because her motion to rescind was filed more than 180 days after entry of the final order of removal, Ruano-Perez may not rely on "exceptional circumstances" to excuse her failure to provide an address for service. *See* § 1229a(b)(5)(C).

Next, Ruano-Perez argues that the BIA erred in denying her motion to reopen the removal proceedings despite her offering evidence of changed country conditions in El Salvador that would expose her and her American-born son to potentially deadly gang violence. *See* § 1229a(c)(7)(C)(ii). As the BIA observed, none of the evidence submitted by Ruano-Perez provided any

meaningful comparison between relevant conditions in El Salvador in 2005 and 2014.  *Cf. Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). Although Ruano-Perez also argues that the removal proceedings should be reopened because she has made a prima facie showing of eligibility for asylum under the Convention Against Torture, she misconstrues the law on that point. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992).  Given the untimeliness of her motion to reopen, Ruano-Perez was required to show changed country conditions, which she failed to do.  *See* § 1229a(c)(7)(C)(ii).

Ruano-Perez's final contention is that the BIA erred by denying her motion to remand the proceedings to the IJ in light of the IJ's failure to consider her affidavit explaining her reasons for not appearing at the removal hearing. *See generally Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992).  She argues, in turn, that the IJ's omission violated her due process right to a full and fair removal hearing because the affidavit offered evidence of the "unique circumstances" justifying her failure to appear at the removal hearing.

Because Ruano-Perez was foreclosed from relying on "exceptional circumstances" as grounds for rescinding the in absentia removal order, *see* § 1229a(b)(5)(C)(i), her affidavit to that end did not provide a basis for granting the motion to reopen.  Therefore, the BIA's denial of remand was not an abuse of its discretion.  *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).  Ruano-Perez's reliance on *Barahona-Cardona v. Holder*, 417 F. App'x. 397 (5th Cir. 2011), is misplaced because the IJ's disregard of her affidavit was not based on an error of law but, rather, on an error of fact.  *See id.* at 399.  In addition, Ruano-Perez suffered no due process violation as a result of the IJ's failure to consider her affidavit because an alien's protected liberty interest extends only to her initial removal proceedings, not to a motion to reopen.  *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

No. 16-60138

The petition for review is DENIED.